**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ANJAKNIE ROUNDTREE,<br>    *Plaintiff*,<br><br>    v.<br><br>ROCKVILLE JUVENILE COURT and<br>JUDGE MAUREEN WESTBROOK,<br>    *Defendants*. | No. 3:21-cv-1289 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree has filed *in forma pauperis* a *pro se* civil rights complaint on behalf of herself and others against the Rockville Juvenile Court and Judge Maureen Westbrook. But because it appears that the defendants are immune from suit and that Roundtree's complaint concerns matters over which federal courts must abstain from exercising jurisdiction, the Court shall require Roundtree to file an amended complaint or a response by **April 22, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree complains that Rockville Juvenile Court and Judge Westbrook are "using improper judg[]ment tactic[s] based off of gender bias and defamation."[1] Exhibits submitted several weeks after she filed her complaint suggest that Roundtree's grievances relate to an ongoing state court matter concerning Roundtree's children.[2] According to the complaint, Roundtree participated *pro se* in a state court proceeding in a juvenile matter from September 24–27, 2021.[3] During the proceeding, "evidence was reveal[ed] . . . which proved [Roundtree's] entire case."[4] Despite Roundtree's evidence, the judge made an oral ruling "without any

---

[1] Doc. #1 at 3–4.
[2] *See* Doc. #7 at 11–16, 20; Doc. #8 at 1–3, 19–20.
[3] Doc. #1 at 3.
[4] *Ibid*.

1

supporting documentation."[5] In addition to "gender bias" and other "improper judgment tactics," Roundtree alleges that she was discriminated against because she is currently going to school to become an attorney.[6]

Roundtree also claims that she was the victim of defamation.[7] According to Roundtree, she already completed one mental health evaluation at the court's recommendation, and the court is now "trying to enforce another mental diagnosis."[8] The overall situation "has destroyed [her] working reputation[] as a teacher."[9]

By way of relief, Roundtree seeks $1,000,000 in damages "due to improper judgment tactic[s], gender bias claims, and pain and suffering."[10] She also appears to request that "disciplinary actions" be taken against the defendants.[11]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant

---

[5] *Ibid*.
[6] *Id.* at 4.
[7] *Ibid*.
[8] *Ibid*.
[9] *Id.* at 5.
[10] *Ibid*.
[11] *Ibid*.

2

dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree may promptly respond or file an amended complaint that addresses these concerns.

A fundamental problem with Roundtree's complaint is that it names two defendants, both of whom appear to be immune from suit. First, to the extent that Roundtree seeks money damages against Rockville Juvenile Court and against Judge Westbrook in her official capacity, it is well established that the Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017); *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). Although she names the "Rockville Juvenile Court" as the defendant, Roundtree's exhibits make clear that she is referring to the State of Connecticut Superior Court for Juvenile Matters at Rockville.[12] As part of the Connecticut Judicial Branch, the Superior Court—like other state government entities—is protected by sovereign immunity. *See Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014); *Campbell v. City of Waterbury*, -- F. Supp. 3d --, 2022 WL 393985, at *4 (D. Conn. 2022). Congress may abrogate a State's sovereign immunity, but courts have made clear that 42 U.S.C. § 1983—under which Roundtree brings this action—did not constitute such an abrogation of sovereign immunity. *See Salu v. Miranda*, 830 F. App'x 341, 347 (2d Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979)).

Second, to the extent that Roundtree seeks monetary damages against Judge Westbrook in her individual capacity, it is equally well established that judges are absolutely immune from suit for

---

[12] *See* Doc. #7 at 11, 20; Doc. #8 at 1.

damages with respect to claims under § 1983 for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (*per curiam*). Although judicial immunity does not apply when a judge takes action outside of her judicial capacity, or when she acts "in complete absence of all jurisdiction," *id.* at 12, a judge's "acts arising out of, or related to, individual cases . . . are considered judicial in nature," *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Because all of Roundtree's allegations against Judge Westbrook appear to arise out of alleged "improper judgment tactics" employed during child custody proceedings, Judge Westbrook appears to be entitled to absolute judicial immunity. *See Deem v. DiMella-Deem*, 941 F.3d 618, 620–21 (2d Cir. 2019) (family court judge presiding over custody dispute was "clearly entitled to judicial immunity").

I note that Roundtree asks for "disciplinary action" in addition to monetary damages. Federal judges have no disciplinary authority over state court judges. To the extent that Roundtree seeks equitable relief, the Court must abstain from hearing her claim. The Second Circuit is among many federal circuit courts to recognize a "domestic relations abstention doctrine." *See Dimella-Deem*, 941 F.3d at 624–25. Under that doctrine, federal courts must abstain from deciding cases that involve matrimonial issues or issues like child custody and visitation rights that are "on the verge of being matrimonial in nature." *Ibid*; *see also Ramos v. Putnam Cnty. Family Ct.*, 2017 WL 3083727 at *4 (D. Conn. 2017). All of Roundtree's claims are premised on the state court's handling of what appears to be a child custody case. The Court must therefore abstain from hearing her case as presently alleged.

Finally, the Court notes that Roundtree has failed to respond to a previous order to show cause why another suit she brought against DCF and other defendants should not be dismissed, resulting in the dismissal of that action.[13] In addition, Roundtree has two other pending cases

---

[13] *See Roundtree v. Lamont*, 3:21-cv-1163 (JAM), Docs. #8 (order to show cause); #9 (dismissal).

involving substantially similar claims of harassment and gender bias against DCF, the Rockville Juvenile Court, and other state defendants.[14] A plaintiff "ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). If Roundtree fails to identify the distinct factual basis and nature of the relief she seeks in each case against each defendant, the Court may stay or dismiss her duplicative suits. *See Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 811 (2d Cir. 2020); *Sentementes v. Lamont*, 2021 WL 1978790 (D. Conn. 2021).

### CONCLUSION

It appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **April 22, 2022**.

It is so ordered.

Dated at New Haven this 8th day of April 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[14] *See Roundtree et al. v. Connecticut et al.*, 3:31-cv-1199 (JAM) (filed September 9, 2021); *Roundtree v. Dep't of Children and Families et al.*, 3:21-cv-1335 (JAM) (filed October 8, 2021).